**Corinna Spencer-Scheurich,** OSB #130147
corinna@nwjp.org
**Bonnie Allen-Sailer,** OSB #145178
bonnie@nwjp.org
Northwest Workers' Justice Project
310 SW 4th Ave, Ste 320
Portland, OR  97204
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **Luz Robles**, **Joaquin Arellano**, **Jaime Juarez**, **Norma Reyes** for herself and as next friend to **Cristian Reyes**, a minor, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**Leonel Caballero**, an individual,<br><br>Defendant. | Civil No.: 1:24-cv-1454<br><br>COMPLAINT<br><br>Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*.); Oregon Wage and Hour Laws (O.R.S. Chapters 652 and 653); Migrant Seasonal Agricultural Workers Protection Act (29 U.S.C. §1854); Oregon Camp Operator Registration Act (O.R.S. § 658.805)<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1.      Plaintiffs Luz Robles, Joaquin Arellano, Jaime Juarez, and Norma Reyes, on behalf of herself and as next friend to Cristian Reyes, a minor, bring this action against Defendant Leonel Caballero Magana, under the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*., "FLSA") to collect unpaid wages. Plaintiffs seeks minimum wages due to them under 29

U.S.C. §§ 206 and 216(b), and liquidated damages for the failure to pay wages under 29 U.S.C. § 216(b).

2. Plaintiffs alleges unpaid wages, minimum wage, and penalty damages under Oregon wage and hour laws O.R.S. §§ 652.140, 652.150, 652.200, 653.025, 653.261, and 653.055.

3. Plaintiffs bring claims under the Migrant Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. §1854, and the Oregon Camp Operator Registration Act (CORA), O.R.S. § 658.805, for failure to provide employment disclosures, failure to comply with the working arrangement, failure to provide adequate housing complying with health and safety standards and operating an unlicensed farmworker camp.

## II. JURISDICTION

4. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.; 29 U.S.C. §1854(a), as this action arises under AWPA; 28 U.S.C. § 1331, as this action arises under the laws of the United States; and 28 U.S.C. § 1337, as it arises under acts of Congress regulating commerce.

5. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), being the judicial district in which all the events of this litigation arise, and Defendant resides.

///

///

### III. PARTIES

7. Plaintiff, Luz Robles, is a natural person who at all material times lived and worked in Oregon.

8. Plaintiff, Joaquin Arellano, is a natural person who at all material times lived and worked in Oregon.

9. Plaintiff, Jaime Juarez, is a natural person who at all material times lived and worked in Oregon.

10. Plaintiff, Norma Reyes, is a natural person who at all material times lived and worked in Oregon. Plaintiff Reyes is also Cristian Reyes' mother.

11. Plaintiff, Cristian Reyes, is a minor and a natural person who at all material times lived and worked in Oregon.

12. At all times relevant to this action, Defendant, Leonel Caballero Magana, was an individual who lived and employed farmworkers in Jackson County, Oregon.

### IV. FACTS

13. At all relevant times, Defendant operated an agricultural product processing business located in Jackson County, Oregon.

14. At all relevant times, Defendant was a farmer.

15. Defendant employed Plaintiffs to provide labor for his business which included the cleaning and packaging of agricultural products.

16. Defendant employed Plaintiffs from August 6 or 7, 2022, to September 8, 2022.

17. During Plaintiffs employment for Defendant, Defendant and his agents determined the rate and method of paying Plaintiffs and otherwise controlled Plaintiffs' employment conditions.

18. Prior to Plaintiffs beginning work for Defendant, Defendant promised to pay Plaintiffs fifty dollars per pound for cleaning and packaging of the agricultural product.

19. At first, Defendant promised to pay Plaintiffs every fifteen days during employment, but later promised to pay Plaintiffs when the work was completed.

20. Following work performed by Plaintiffs at two of Defendant's greenhouses, Defendant informed Plaintiffs that payment would not be issued until Plaintiffs finished packaging the agricultural product located in a third greenhouse where Plaintiffs were then forced to continue working.

21. After completing the work in the three greenhouses, Defendant informed Plaintiffs that he would retrieve payment for Plaintiffs.

22. Plaintiffs remained at Defendant's farm for two additional days, September 9 and 10, 2022, awaiting payment from Defendant.

23. Defendant never returned with Plaintiffs' payment.

24. On September 15, 2022, Plaintiff Juarez spoke with Defendant over the phone, and Defendant promised to pay Plaintiffs. However, Plaintiffs never received payment.

25. Defendant changed his phone number, inhibiting Plaintiffs from contacting Defendant regarding payment owed.

26. During Plaintiffs employment for Defendant, Plaintiffs worked from 6:00am to 7:00pm.

27. Plaintiffs were required to stay on-site while they worked for Defendant, but Defendant did not have a license to operate a farm labor camp.

28. Plaintiffs lived onsite in a tent, which they provided themselves, as well as their own blankets.

29. Plaintiffs did not have access to bathrooms.

30. Plaintiffs did not have access to showers.

31. Plaintiffs supplied their own personal cleaning products and toilet paper.

32. Defendant failed to provide Plaintiffs with means to dispose of their trash, forcing Plaintiff to sleep next to their waste.

33. Plaintiffs had limited access to electricity.

34. Plaintiffs were not permitted to leave the property without authorization, and the property gate was locked to prevent Plaintiffs from leaving.

35. Plaintiffs were supervised by two of Defendant's relatives.

36. While supervising, Defendant's relatives carried firearms.

37. Defendant did not provide Plaintiffs with written employment disclosures.

38. The work was completed in Jackson County, Oregon. Plaintiffs were thus entitled to receive $13.50 per hour pursuant to Oregon minimum wage law.

39. Throughout her employment, Plaintiff Robles worked approximately 468 hours for Defendant.

40. Plaintiff Robles was entitled to receive $6,318 in Oregon minimum wages, but did not receive any wages from Defendant.

41. Throughout his employment, Plaintiff Arellano worked approximately 462 hours for Defendant.

42. Plaintiff Arellano was entitled to receive $6,237 in Oregon minimum wages, but did not receive any wages from Defendant.

43. Throughout his employment, Plaintiff Juarez worked approximately 462 hours for Defendant.

44. Plaintiff Juarez was entitled to receive $6,237 in Oregon minimum wages.

45. Plaintiff Juarez received a one-time payment of $1,200.00 from Defendant, but is still owed $5,037 in unpaid wages.

46. Throughout her employment, Plaintiff Norma Reyes worked approximately 468 hours for Defendant.

47. Plaintiff Norma Reyes was entitled to receive $6,318 in Oregon minimum wages, but did not receive any wages from Defendant.

48. Throughout his employment, Plaintiff Cristian Reyes worked approximately 468 hours for Defendant.

49. Plaintiff Cristian Reyes was entitled to receive $6,318 in Oregon minimum wages, but did not receive any wages from Defendant.

50. Plaintiffs, through their attorney, issued Defendant a letter on August 26, 2024, complaining of violations of state and federal wage and hour law, migrant farmworker protections, and farmworker housing protections.  The letter also requested payment of the wages Plaintiffs were due.

51. Plaintiffs have made a good faith attempt to resolve this dispute without litigation.

52. To date, Defendant has failed to pay Plaintiffs all their wages.

53. Defendant's failure to Plaintiffs was willful.

## V. CLAIMS FOR RELIEF

### (First Claim—Violation of FLSA)

54. Defendant violated 29 U.S.C. § 206 when he failed to pay Plaintiffs the federal minimum wage rate of $7.25 for all the hours worked.

55. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover unpaid minimum wages, equal amounts as liquidated damages, and attorney fees and costs.

### (Second Claim – Violation of Oregon Minimum Wage Laws)

56. Defendant failed to pay Plaintiffs at the Oregon minimum hourly rate of $13.50 for all hours worked in violation of O.R.S. § 653.025.

57. Plaintiffs are entitled, under O.R.S. § 653.055, to recover the unpaid wages, penalty damages in an amount equal to 240 times the hourly wage rate, and reasonable attorney fees and costs for the non-payment of minimum wages.

### (Third Claim – Violation of Oregon Timely Payment of Wages Law)

58. Defendant failed to pay Plaintiffs all their wages when due upon termination of employment within the time specified in O.R.S. § 652.140 or § 652.145.

59. Plaintiffs are entitled, under O.R.S. § 652.150, to recover penalty damages in an amount equal to 240 times the hourly wage rate, plus reasonable attorney fees and costs, for Defendant's failure to pay Plaintiff's wages upon termination.

### (Fourth Claim – Violation of AWPA)

60. At all times relevant to this action, Plaintiffs were migrant agricultural workers within the meaning of the AWPA, 29 U.S.C. §1802(8)(a), as workers employed in agricultural labor of a seasonal or temporary nature and required to be absent overnight from their permanent place of residence.

61. At all times relevant to this action, Defendant was an agricultural employer under AWPA, 29 U.S.C. §1802(2), who provided and controlled migrant agricultural worker housing, 29 U.S.C. § 1821(c) and 1823.

62. Defendant violated AWPA by failing to provide written employment disclosures in violation of 29 U.S.C. § 1821(a), knowingly misrepresenting employment conditions to Plaintiffs in violation of 29 U.S.C. § 1821(f), failing to pay Plaintiffs all their wages when due in violation of 29 U.S.C. § 1822(a), violating the terms of the working arrangement in violation of 29 U.S.C. § 1822(c), and failing to ensure that the housing provided complied with applicable health and safety standards in violation of 29 U.S.C. § 1823(a).

63. Defendant's actions and failures to act in violation of AWPA were intentional.

64. Plaintiffs are entitled to actual or statutory damages of $500, whichever is greater, for each of Defendant's violations of AWPA pursuant to 29 U.S.C. §1854, together with his court costs.

**(Fifth Claim – Violation of CORA)**

65. At all times relevant to this action, Defendant was a farm labor camp operator under CORA, O.R.S. § 658.705.

66. Defendants violated O.R.S. § 658.755 by failing to comply with all applicable building codes and health and safety laws, operating an unregistered camp, and restraining a person who wished to leave the camp by force, intimidation, or threat.

67. Plaintiffs are entitled to recover actual or statutory damages of $500, whichever is greater, and attorney fees and costs, pursuant to O.R.S. § 658.805(4).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

1. Award Plaintiffs their unpaid minimum wages pursuant to 29 U.S.C. § 206 and liquidated damages pursuant to 29 U.S.C. § 216(b);

      2.      Award Plaintiffs their unpaid minimum wages pursuant to Oregon minimum wage laws, O.R.S. § 653.025;

      3.      Award Plaintiffs penalty wages in the amount of 240 times Plaintiffs final hourly wage pursuant to O.R.S. § 653.055, for unpaid minimum wages;

      4.      Award Plaintiffs penalty wages in the amount of 240 times Plaintiffs final hourly wage pursuant to O.R.S. § 652.150, for failure to pay wages timely;

      5.      Award Plaintiffs actual damages or $500 statutory damages for each violation of AWPA;

      6.      Award Plaintiffs actual damages or $500 statutory damages for the violations of CORA;

      7.      Find that Plaintiffs are the prevailing party and award Plaintiffs reasonable attorney fees and costs under 29 U.S.C. § 216(b), and O.R.S. §§ 652.200, 652.615, 653.055, and 658.805(4);

      8.      Award Plaintiffs pre-judgment interest on sums due under state law claims and post-judgment interest on all claims; and

      9.      Award Plaintiffs such other relief as this Court deems just and proper.

Respectfully submitted this 30th day of August 2024.

s/ Corinna Spencer-Scheurich
**Corinna Spencer-Scheurich**
OSB 130147
corinna@nwjp.org
(503) 525-8454
Of Attorneys for Plaintiffs